IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CYNTHIA STANLEY | § | |
| | § | |
| vs. | § | CASE NO. 6:22cv00292-JDK |
| | § | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Cynthia Stanley initiated this lawsuit by filing a complaint seeking judicial review of the Commissioner's decision denying an application for Social Security benefits. Before the Court is Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (ECF 17). The Commissioner filed a response in opposition to the requested award of EAJA fees (ECF 20). The Court referred the motion for proposed findings of fact and recommendations for disposition (ECF 18). For the reasons below, the motion should be **DENIED**.

### Background

The Court entered an Order on January 25, 2023 granting an unopposed motion to remand and remanding the matter to the Commissioner for further administrative proceedings pursuant to sentence six of 42 U.S.C. § 405(g). Plaintiff then filed the present Motion for Attorney's Fees seeking an EAJA award of $1,180.50 in fees. The Commissioner filed a response opposing any award of fees. The Commissioner asserts that the sentence six remand did not result in a final judgment affirming, reversing or modifying the Commissioner's decision and did not render Plaintiff a prevailing party. Plaintiff did not file a reply.

## Discussion

The "dual purpose" of the EAJA is "to ensure adequate representation for those who need it and to minimize the cost of this representation to taxpayers." *Baker v. Bowen*, 839 F.2d 1075 (5th Cir. 1988), *reh'g denied*, 848 F.2d 66 (5th Cir. 1988). Eligibility for a fee award under the EAJA requires, at a minimum, that the claimant be a "prevailing party," that the Commissioner's position was not "substantially justified," that no "special circumstances make an award unjust," and that any fee application be submitted to the court within 30 days of final judgment and be supported by an itemized statement. *Commissioner INS v. Jean*, 496 U.S. 154, 110 S.Ct. 2316, 2319, 110 L.Ed.2d 134 (1990); 28 U.S.C. § 2412(d)(1). A "final judgment" is a judgment that is final and not appealable. 28 U.S.C. § 2412(d)(2)(G). With regard to the amount of fees, 28 U.S.C. § 2412(d)(2)(A) states:

> (A) "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.).

A remand accomplished pursuant to the fourth sentence of 42 U.S.C. § 405(g) renders the claimant a prevailing party regardless of whether the claimant is successful in obtaining benefits on remand. *Shalala v. Schaefer*, 509 U.S. 292, 300-01, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). A remand pursuant to the sixth sentence, however, does not render the claimant a prevailing party. *Schuler v. Saul*, 2021 WL 7448632, at *3 (W.D.Tex. June 1, 2021). When a case is remanded pursuant to sentence six, a claimant does not become a prevailing party until the post-remand

proceedings are completed, the matter returns to federal court, a final judgment is entered and the time for filing an appeal runs. *Id*.

Here, the Court remanded the matter to the Commissioner for further administrative proceedings pursuant to sentence six of 42 U.S.C. § 405(g) because judicial review could not proceed with an inaudible recording of the administrative hearing. The Court did not consider the merits or enter a final judgment. Plaintiff has not met the threshold requirements of showing a final judgment or that she is a prevailing party.

## Conclusion

Plaintiff's request for attorney's fees pursuant to the EAJA is premature. Plaintiff has not shown that she received a final judgment or that she is a prevailing party. The motion should be denied without prejudice to reasserting the motion when the post-remand proceedings are completed, the matter returns to federal court, a final judgment is entered and the time for filing an appeal runs.

## RECOMMENDATION

It is **RECOMMENDED** that the Motion for Attorney's Fees Under the Equal Access to Justice Act (ECF 17) be **DENIED** as premature without prejudice to reasserting the motion when it is ripe for consideration.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations

and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 16th day of May, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE